Anne-Arundel county, being the same as is stated in the preceding bill of exceptions. In the return upon which commission, is stated and set forth an agreement, entered into between the defendant and *John Weems*, under whom the plaintiff claims, establishing and fixing the bounds and locations of the said land called *Hillington*. And the said commission and return being so brought into court, the plaintiff, by his counsel, offered to read the said commission and return in evidence to the jury, to prove the agreement and admission of the said defendant as to the location of the said land; to which the defendant, by his counsel, objected, because the said commissioners, by whom the said return was made, were living, and two of them attending as witnesses in court on the trial of the issue in this cause; and because the said return was defective in not shewing the manner in which the commissioners had given the notice required by law to authorise their proceedings.

THE COURT, *(Chase, J.)* was of opinion, that the said commission, and the proceedings thereon, were inadmissible for the said purpose, and refused to let the same be read in evidence to the jury. The plaintiff excepted.

*Key, Mason* and *Shaaff*, for the plaintiff.

*Martin,* (Attorney General,) *Winchester, Johnson* and *Wilmer,* for the defendant.

VERDICT and judgment for the defendant. The plaintiff appealed to the Court of Appeals—but an agreement having taken place between the parties, the judgment was *affirmed by consent.*

———※———

## GENERAL COURT, MAY TERM, 1798.

### ANONYMOUS.

THE question was, whether a bond, note, bill of exchange, &c. is sufficient to hold the defendant to bail without an affidavit of the debt.

CHASE, J. It appears to me, that the statute of 12 *George II. c* 29, (1725,) does not relate to the question before the court.

The question is as to the evidence the court will require of the cause of action to induce them to rule the defendant to give special bail.

The statute of *George* relates to arrests, and provides what shall be done previous to the arrest.

If the cause of action amounts to 10*l.* in the superior, or 40*s.* in the inferior court, affidavit shall be made and

MAY 1798.

Anonymous.

filed of such cause of action, and the sum specified in the affidavit shall be endorsed on the writ, for which sum the sheriff shall take bail. In case the affidavit and endorsement required are not made, the sheriff shall not arrest the defendant, but serve him with a copy of the process; which proceeding is in the nature of a summons.

The affidavit which is made previous to the arrest, is the affidavit upon which special bail is required, and if defective the court will not receive a supplemental affidavit, because the act of *George* requires a full oath previous to the issuing the process, that defendants may not be harrassed—2 *Stra.* 1157—determined two years after the statute.

The affidavit under the act must be positive, and not by reference to something else—2 *Stra.* 1209, 1219, 1226.

The act requires an oath of a subsisting debt at the time of issuing out the process—2 *Stra.* 1270. *Wils.* 231. *Burr.* 655, 1032.

The law and practice, as to arrests and holding to special bail in our courts, obtained long before the statute of *George.*

A person can be arrested in all cases without any affidavit or declaration of the plaintiff's cause of action, and it is the sheriff's duty to take a bail bond to the amount of 8000 pounds of tobacco.

By the act of 1715, *c.* 46, *sec.* 3, in an action of trespass on the case the sheriff cannot take bail for more than 8000 pounds of tobacco, unless a declaration is sent with the writ.

The act of assembly recognizes and sanctions the general practice as to arrests and taking bail bonds, and provides only for particular cases. This act passed ten years before the statute of *George.*

Our practice is independent of the statute of *George;* and that statute has never been extended or adopted by our courts.

Wherever our courts rule a defendant to special bail, they require some evidence of a subsisting debt.

A bond, note, bill of exchange, &c. is *prima facie* evidence of a subsisting debt for the purpose of ruling bail; and the court on a motion for bail will not inquire into the merits, nor require plenary proof as on a trial.

This practice prevailed long before the statute of *George,* and ever since, without interruption, and I know of no decision of our courts against it, before the late determination in Baltimore county court.

The case in 1 *Salk.* 100, (11 *William III.*) decided by *Holt,* I think warrants and supports the practice of our courts.

It was an action of debt on bond, and the defendant was required to give bail, who opposed it, alleging the bond was obtained by duress. The court said they would not inquire into the merits on a motion for bail, and held the defendant to bail. No affidavit was produced in this case. It was debt on bond, and we may suppose the bond was produced.

I consider the practice of our court reasonable, and warranted by the decision in *Salkeld*, per *Lord Holt*. No hardship, injustice or inconvenience, has resulted from it, and I am for adhering to it.

The statute of *George* has not been adopted, and has no relation to our practice.

THE WHOLE COURT concurred in opinion with Judge *Chase*, and the defendant was ruled to give special bail.

———※———

## GENERAL COURT, MAY TERM, 1798.

PAUL et ux. Extx. of DEAN, vs. CHRISTIE.

THIS was an action of *debt* upon a joint and several bond, executed by *James Christie*, and *Robert Christie* the defendant, to the plaintiff's testator, on the 30th of August 1775. The following case was stated for the opinion of the court, viz. That the bond, upon which this suit is brought, was duly executed on the 30th of August 1775, by *James Christie* and *Robert Christie*, to *Hugh Dean*, in his life-time, in which bond the said *James* was the principal debtor, and the said *Robert* bound as his security, jointly and severally. That the said *James* is and always has been a British subject, and the said *Robert* is a citizen of this state; and that before the impetration of the writ in this case, the whole of the principal, (excepting 5*l.*) and all the interest due on the said bond, (except the interest accrued from the 4th of July 1776, to the 3d of September 1783,) were paid by the said *James* to the plaintiff.

The question was, whether or not the plaintiff ought to recover interest from the 4th of July 1776, to the 3d of September 1783, (during the war between this country and Great Britain,) from the defendant?

*Hollingsworth*, for the plaintiffs.

*Cooke* and *Milligan*, for the defendant.

THE GENERAL COURT were of opinion, that the plaintiffs ought to recover of the defendant the interest on the bond upon which this suit is brought, which accrued during the war between the United States and Great Britain. JUDGMENT for the plaintiffs on the case stated.